UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PRISCILLA ANN VANHOOSIER, | : | Case No. 3:12-cv-84 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Michael R. Merz |
| vs. | : | |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

## DECISION AND ENTRY: (1) ADOPTING THE REPORT AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE (Doc. 17); (2) OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 18); (3) AFFIRMING THE COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED; AND (4) TERMINATING THIS CASE

Plaintiff Priscilla Ann VanHooiser brought this action pursuant to 42 U.S.C. § 405(g) for

judicial review of the decision of the Defendant Commissioner of Social Security denying her

applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income

("SSI") benefits.  On February 12, 2013, United States Magistrate Judge Michael R. Merz

entered a Report and Recommendations recommending that the Commissioner's non-disability

determination be affirmed and this case be terminated.  (Doc. 17).  On February 28, 2013,

Plaintiff filed Objections to the Report and Recommendations of the Magistrate Judge.  (Doc.

18).  Defendant did not respond to Plaintiff's Objections and the time for doing so has now

expired.  The case is now ripe for decision.

This Court's function is to determine whether the record as a whole contains substantial

evidence to support the ALJ's decision. *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46

(6th Cir. 2007). Regarding the substantial evidence requirement, the ALJ's findings must be

affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing

*Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence is more than a

mere scintilla, but only so much as would be required to prevent a judgment as a matter of law if

this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988) (citing

*NLRB v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939)).

This Court must also determine whether the ALJ applied the correct legal criteria. *Bowen*,

478 F.3d at 745-46. This second judicial inquiry may result in reversal even if the record

contains substantial evidence supporting the ALJ's factual findings. *Bowen*, 478 F.3d at 746. A

reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to

follow the Commissioner's "own regulations and where that error prejudices a claimant on the

merits or deprives the claimant of a substantial right." *Id.* (citing in part *Wilson v. Comm'r of*

*Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

Based upon the reasoning and citations of authority set forth by the Magistrate Judge in

the Report and Recommendations (Doc. 17), as well as upon a *de novo* review of this case and

the issues presented in Plaintiff's Objections, the Court adopts the aforesaid Report and

Recommendations in its entirety. Accordingly, the Court: (1) **ADOPTS** the Report and

Recommendations of the Magistrate Judge (Doc. 17) in its entirety; (2) **OVERRULES**

Plaintiff's Objections (Doc. 18); (3) **AFFIRMS** the ALJ's non-disability finding; and (4)

**TERMINATES** this case on the Court's docket.

**IT IS SO ORDERED.**

Date: ___4/22/13___

_Timothy S. Black_
Timothy S. Black
United States District Judge

2